IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAHAB SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1113-R |
| | ) | |
| SCARLET GRANT, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Sahab Singh, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Petitioner filed a motion for temporary restraining order under Fed. R. Civ. P. 65 requesting immediate release from detention. Doc. 7. For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion.

## I.   Temporary Restraining Order (TRO) requirements.

Under Rule 65(b)(1), a court may only grant a motion for TRO, without notice, if the moving party has complied with certain requirements, including

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

"certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents *before* filing the motion. Counsel filed the purported "notice" simultaneously with the motion. Doc. 8.

The Court should deny the motion for TRO. *See, e.g., Bahadorani v. Bondi,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").[2]

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's TRO motion. Doc. 7.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 15,

---

[2]    The Court has been giving expedited consideration to 28 U.S.C. § 2241 petitions filed by noncitizens in detention. And, in this matter, the Court has already ordered a response to Petitioner's petition. *See* Doc. 9.

2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 1st day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE