**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SAHAB SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1113-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 17] recommending that the Petition be granted in part and Respondents ordered to immediately release Petitioner. Respondents filed a timely Objection [Doc. No. 19], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Respondents concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) is controlling and compels the conclusion that Petitioner is detained pursuant to 8 U.S.C. § 1226. Respondents' Objection urges the Court to resolve Petitioner's claims on statutory grounds and avoid any further constitutional inquiry.

Upon de novo review, and in accordance with *Santillan Quiroz*, 2026 WL 1876709, the Court concludes that § 1226(a) governs Petitioner's detention. The Court further

concludes that "the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 865418, at *3 (W.D. Okla. June 29, 2026) ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected.").[1]

Accordingly, the Report and Recommendation [Doc. No. 17] is ADOPTED in part. For the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 23rd day of July, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[1] Additionally, "[t]he Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof." *Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1 (W.D. Okla. July 1, 2026).

2